SPRING–A–WAY DISPLAYS OF CALI-
FORNIA, INC., et al., Plaintiffs,

v.

AD–RACK, INC., et al., Defendants.

Civ. A. No. 4983.

United States District Court
S. D. Ohio, W. D.

Oct. 28, 1965.

F. A. Utecht, Los Angeles, Cal., and John C. Taylor, Cincinnati, Ohio, for plaintiffs.

Edward J. Utz, Cincinnati, Ohio, for defendants.

JOHN W. PECK, District Judge.

In this action plaintiffs seek to have United States Patent No. 2,637,445 ad-judged valid and infringed by defendants and seek further relief incident to such adjudication. The case has been tried on the merits, and is submitted on the record of trial and briefs of the parties.

The device involved is a display rack used in the offering of bottle goods to the retail market, particularly in such estab-lishments as supermarkets and similar outlets. Examples of the accused and alleged infringing device were received in evidence and demonstrated during trial, and as will be hereinafter more fully indicated the issue of infringement is factually as well as legally subordinate to that of validity.

The patent in suit, hereinafter usually referred to as the "Patterson Patent," contains five claims. Concerning these, the defendants state in their brief that they "find no fault whatever with Claims 4 and 5 of the Patterson patent. Claim 1 is the heart of the patent in suit and the question is whether Claim 1 is valid or invalid. If Claim 1 is invalid, Claims 2 and 3 necessarily result in being in-valid." While that Claim is set forth in normal narrative form in the patent it-self, it is here set forth for convenience of consideration as it was in defendants' brief and in a large exhibit for demon-strative purposes which is now before us:

CLAIM –1–

"A rack for displaying and mer-chandising bottled and like goods having rigidity and uniform height comprising, in combination,

"a) a base,

"b) a back frame extending up-wardly from an edge of said base and

"c) a separator member hinged to the back frame for vertical arcuate movement above and below the hori-zontal (and serving, when supported in the horizontal plane by goods dis-posed below same, to transmit the load of goods disposed thereon to the goods disposed below and thence to the base,)

"d) and spring means interconnect-ing the back frame and separator

member (for urging the latter upwardly to a position adjacent to the back frame upon removal of the last unit of goods disposed on said separator member.) [Parentheses supplied by defendants.]

A certified copy of the patent in suit was routinely received in evidence, and its assignment from Lawrence W. Patterson, the inventor, to one of the plaintiffs and by it to the other by written assignments recorded in the Patent Office is not in issue, nor is any jurisdictional fact. Plaintiffs' evidence established that Patterson, who like his parents before him had been engaged in the soft drink bottling and merchandising business, was aware of the general problems incident to the offering of such bottled goods to the public, and was acutely aware of the specialized problems associated with the presentation of soft-drink items to shoppers in supermarkets and other stores. These included the urgent need for space conservation and the necessity of making a supply of the product constantly and readily available to the hand of the shopper, who will not reach to heights or stoop to obtain it. Neither will he remove any separator member covering a level of bottles or take other affirmative action to gain access to the goods. Integrated problems and solutions included that of providing stability and safety, particularly in view of the danger of damage and injury from the breaking of bottles containing pressurized liquids.

An examination of the diagram accompanying the patent, of Claim 1 and of plaintiffs' device, demonstrates how the Patterson device met these problems. The base is only slightly larger than the horizontal area occupied by the bottles (or cartons of bottles) themselves and the separator member hinged to the back frame is spring urged up and out of the way after the bottles on it are removed,

thus making the goods resting on the next lower separator (or the base) automatically available to the shopper. A safety factor is provided by a spring of proper tension to move the separator member upward with a motion sufficiently slow to avoid startling or jarring the shopper, or shaking the device itself. Stability to the entire rack structure is provided, as will be noted from Claim 1, by permitting the weight of each level of goods to be transmitted to those below "and thence to the base."

The effectiveness of such solution of the problems is demonstrated by the prompt immediate public acceptance and commercial success of the device. The record discloses a sales volume of $4,700,272.09 from July 1st, 1954, to June 30th, 1963, and of well over $8,000,000 in the twelve-month period preceding trial. Such public acceptance and commercial success strengthens the presumption of validity, constituting "strong evidence of novelty and usefulness." (Eibel Process Co. v. Minnesota & Ontario Paper Co., 261 U.S. 45, 43 S.Ct. 322, 67 L.Ed. 523 (1923); See also Coats Loaders & Stackers, Inc. v. Henderson, 233 F.2d 915 (6th Cir. 1956)).

Defendants attempt to overcome the presumption of the validity of the patent in suit [1] by contending that the inventor did only that which "has been previously done in the stacking industry." This contention is based upon certain of the affirmative defenses alleged in defendants' answer. The answer lists seventeen earlier patents which are alleged to establish lack of invention by Patterson, but at trial and in their final brief defendants rely in this regard almost entirely on the prior teaching of United States Patent No. 208,568, patented October 1st, 1878, and hereinafter referred to as the "Childs Patent." An enlargement of that patent was received in evidence, as was a mock-up of the device;

[1]. "A patent shall be presumed valid. The burden of establishing invalidity of a patent shall rest on a party asserting it. * * *" 35 U.S.C. § 282. See Williams Mfg. Co. v. United Shoe Machinery Corp., 121 F.2d 273 (6th Cir. 1941), aff'd, 316 U.S. 364, 62 S.Ct. 1179, 86 L.Ed. 1537; Gibson-Stewart Co. v. Wm. Bros Boiler & Mfg. Co., 264 F.2d 776 (6th Cir. 1959).

additionally, a second similar device was received which is another mock-up incorporating some modifications. This device was designated a "Paper-File" in the Childs Patent, and was intended as a rack for newspapers. However, to make it adaptable for the storage and offering of bottle goods, essential modifications would be required including the supplying of a base (the Childs device is intended to be hung to a verticle supporting member, such as a wall). The Supreme Court has stated, "It is not sufficient, in order to constitute an anticipation of a patented invention, that the device relied upon might, by modification, be made to accomplish the function performed by that invention, if it were not designed by its maker, nor adapted, nor actually used for the performance of such function." (Topliff v. Topliff and Another, 145 U.S. 156, 12 S.Ct. 825, 36 L.Ed. 658 (1891)). Thus the necessity of modifications to make this device capable of accomplishing the function of the Patterson Patent display rack disqualifies Childs as an anticipation of the patent in suit. See also Cold Metal Process Co. v. Carnegie-Illinois Steel Corp., 108 F.2d 322 (3rd Cir. 1939).

■ Of even greater significance, however, so far as the Childs Patent is concerned, is the fact that it was cited as a reference during the prosecution of the patent in suit. The presumption of validity is substantially strengthened where the Patent Examiner considered the prior art patent relied on by a defendant. In this Circuit it has been held that where prior art patents were "before the Patent Office and, as shown by the file wrapper, were thoroughly considered, the presumption of validity which arises from the allowance of the patent is greatly strengthened [citing Williams Mfg. Co. v. United Shoe Machinery Corp., supra]." (Great Lakes Equipment Co. v. Fluid Systems, Inc., 217 F.2d 613, 617 (6th Cir. 1954)). Similarly, in Cold Metal Process Co. v. Republic Steel Corp., 233 F.2d 828 (6th Cir. 1956), Headnote 5 states, "Where the best of art relied on by alleged infringer

was before Patent Office when it granted patent, such fact strengthened presumption of validity of patent."

In view of defendants' lack of reliance on them, little need be said relative to the other sixteen prior art patents introduced by defendants except to state the finding and conclusion that they do not establish invalidity of the Patterson Patent. Eight were cited by the Patent Office during the prosecution of the patent in suit and thus fall within the doctrine discussed under the Childs Patent. Defendants apparently determined, as we do here, that none of the eight noncited patents are materially different from or are more pertinent than the prior art considered by the Patent Office.

Finally, defendants contend that validity is defeated by virtue of the provision of 35 U.S.C. § 103. That section provides as a condition of patentability that "the differences between the subject matter sought to be patented and the prior art are [not] such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." The only evidence offered by defendants in this area is found in the testimony of an expert called by them, but his testimony falls far short of establishing what "a person having ordinary skill" in the bottle display rack art might have found obvious, and invalidity within the meaning of Section 103 is here held not to have been established.

■ Defendants having failed to sustain the burden of establishing invalidity, the patent in suit is here determined to be valid. 35 U.S.C. § 282.

The issue of infringement is not seriously pressed by the defendants. In fact, their Trial Brief and their Brief After Trial both omit the subject entirely, and no evidence on this issue was presented by them. As a matter of fact, an examination of the physical exhibits representing examples of the accused device and that alleged to have been infringed demonstrates such a marked degree of similarity as to indicate the fruitlessness

of argument on this point by defendants. It is here found that infringement exists.

Similarly, although some argument is contained in defendants' Trial Brief on the subject of their counterclaim, no evidence was offered in support of it and their final brief is silent on this subject. The issue arising under the defendants' counterclaim is therefore resolved adversely to them.

The Court's findings of fact and conclusions of law are as herein indicated (Rule 52, Federal Rules of Civil Procedure), and an order in accordance herewith may be presented.